# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAULINE D. CARNEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-00271-CV-RK |
| | ) |
| | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined Plaintiff had the following severe impairments: status post C5-6 disc arthroplasty and multilevel degenerative disc disease, bilateral carpal tunnel syndrome with mild ulnar neuropathy, and lumbar spondylosis with degenerative disc at L1-2. The ALJ also determined that Plaintiff has the following non-severe impairments: mild degenerative disc disease of the thoracic spine, history of drug abuse, and anxiety. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She can engage in occasional stooping, crouching, and crawling but cannot perform overhead reaching, pushing, or pulling bilaterally. The claimant can frequently perform tasks involving handling and fingering. Although the ALJ found that Plaintiff does not have any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal Plaintiff contends the ALJ erred in failing to assess Plaintiff's RFC on a function-by-function basis, the ALJ's RFC as to Plaintiff's physical functional limitations is unsupported by substantial evidence, and the Commissioner failed to sustain her burden at step five. The Court will address each in turn.[1]

**I.  Function-by-Function Assessment**

Plaintiff first argues the ALJ erred because she failed to assess the RFC on a function-by-function basis and assessed the exertional level first. SSR 96-8P states, the "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" and "[o]nly after that may RFC be expressed" by exertional level of work. *See also* 20 C.F.R. § 404.1545(b) (instructing that the RFC should identify limitations on a function-by-function basis). Sitting, walking, standing, pushing, and

---

[1] The Court finds much of Defendant's brief persuasive. Portions are incorporated without further reference.

pulling are all listed in the regulations as physical work-related abilities. *Id.* However, the fact that the ALJ omitted a discussion of functional abilities does not mean she did not consider them. *E.g., Beagley v. Berryhill*, No. 5:17-06079-CV-RK, 2018 WL 4565461, at *3 (W.D. Mo. Sept. 24, 2018). "[A]n ALJ who specifically addresses the areas in which [s]he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter." *Brown v. Astrue*, No. 4:09-CV-274–DJS, 2010 WL 889835, at *25 (E.D. Mo. Mar. 8, 2010); *see Depover v. Barhnart*, 349 F.3d 563, 567-68 (8th Cir. 2003) (holding that the fact that the ALJ made explicit findings only as to functions for which he found a limit suggested he implicitly found no limits as to other functions).

Here, the ALJ limited Plaintiff to light work with additional exceptions. (Tr. 15.) The ALJ noted she was relying on the definition of "light" work as contained in 20 C.F.R. § 416.967(b), which provides as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

From this, Plaintiff argues that it is impossible to determine how the ALJ assessed her actual ability to sit, walk, stand, push and pull. The cases Plaintiff cites are distinguishable. *E.g. Hayes v. Astrue*, No. 2:11-CV-04132-NKL, 2012 WL 393406, at *5 (W.D. Mo. Feb. 6, 2012); *Brown v. Astrue*, No. 4:09CV274-DJS, 2010 WL 889835, at *25 (E.D. Mo. Mar. 8, 2010); *Proffitt v. Astrue*, No. CIV. 08-5024, 2009 WL 315690, at *3 (W.D. Ark. Feb. 6, 2009); *Schuler v. Astrue*, No. 07-3360-CV-S-JCE-SSA, 2009 WL 613556, at *5 (W.D. Mo. Mar. 9, 2009). In *Hayes*, the ALJ made no explicit findings about the claimant's functional limits. In *Brown*, *Profitt*, and *Schuler*, the objective medical evidence in the record revealed apparent functional limits that the ALJs did not consider.

Here, in contrast, the ALJ identified various functional limits specific to Plaintiff that are consistent with an ability to do "light work." *Thornsberry v. Comm'r, Soc. Sec. Admin.*, No. 4:17-00531-CV-RK, 2018 WL 6716698, at *2 (W.D. Mo. Dec. 21, 2018). In fact, the ALJ provided a detailed discussion of Plaintiff's reported difficulties, limitations, and complaints, comparing them

3

with the medical evidence of record. (Tr. 15-18.) The ALJ specifically indicated that "the medical record failed to fully support the claimant's severe limitations in sitting, standing, walking, lifting, and handling." (Tr. 18.) The ALJ went on to explain:

> The record does support some limitations in functioning which are reflected in the claimant's residual functional capacity, which limits her to light exertional work. Due to her neuropathy, she cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She can engage in occasional stooping, crouching, crawling but cannot perform overhead reaching, pushing, or pulling bilaterally. The claimant can frequently perform tasks involving handling and fingering. These findings are consistent with the minimal examination findings and the reported improvement of symptoms with her surgery.

(*Id.*) "[T]he ALJ did not err because [her] RFC finding preceded his discussion of the evidence supporting that finding." *Johnson v. Berryhill*, No. 4:17-CV-0416-DGK-SSA, 2018 WL 2336297, at *3 (W.D. Mo. May 23, 2018) (citing *Seitz v. Colvin*, No. 5:15–CV–06151–NKL, 2016 WL 3920463, at *7 (W.D. Mo. July 18, 2016) (rejecting claimant's argument "that by articulating this limit in exertional terms—'light work'—without providing a function–by-function assessment of his ability to sit, stand, walk, push, and pull, the ALJ failed to comply with the social security regulations" and SSR 96–8p); *Althaus–Rosiere v. Astrue*, No. 10–5076–CV–SW–RED, 2012 WL 287314, at *4 (W.D. Mo. Jan. 31, 2012) (finding no error where ALJ expressed RFC in terms of "light work," followed by a discussion supporting his determination)).

Accordingly, the Court finds substantial evidence supports the RFC.

## II. The RFC as to Plaintiff's Physical Limitations is Supported by Substantial Evidence

Next, Plaintiff challenges the ALJ's consideration of the opinion evidence addressing her physical limitations, namely that Dr. Tschudin's opinion, which the ALJ found partially persuasive, did not address Plaintiff's carpal tunnel syndrome with mild ulnar neuropathy and lumbar degenerative disc disease and does not constitute substantial evidence as to Plaintiff's cervical degenerative disc disease because he was a non-examining, non-treating State agency physician and his specialty is pediatrics.

Because Plaintiff applied for benefits on or after March 27, 2017, the ALJ applied the new set of regulations for evaluating Dr. Tschudin's opinions. The revised regulations redefine how evidence is categorized, including "medical opinion" and "prior administrative findings," and how an ALJ will consider these categories of evidence in making the RFC determination. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), and 416.920c.

4

Here, the ALJ considered Dr. Tschudin's opinion and found it to be partially persuasive insofar as it was consistent with and supported by the objective medical evidence previously discussed. (Tr. 18.) To the extent Plaintiff challenges Dr. Tschudin's opinion based on non-examination, non-treatment, and pediatric specialization, Dr. Tschudin is a highly qualified physician and expert in the Social Security disability programs. *See* 20 C.F.R. §§ 404.1520c and 416.920c. The ALJ also acknowledged the evidence at the hearing supported additional severe impairment and related limitations. (Tr. 18.) Thus, the ALJ properly relied on Dr. Tschudin's opinion.

Plaintiff then argues the ALJ should have developed the record further by obtaining additional opinion evidence. However, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin,* 829 F.3d 926, 932 (8th Cir. 2016); *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013). In assessing the RFC, the ALJ properly considered Dr. Tschudin's opinion, along with Plaintiff's allegations and symptoms, treatment history, medications, diagnostic studies, objective examination findings, and daily activities. (Tr. 15-18.) Additionally, the ALJ provided citations to the record in support of the RFC finding. (*Id.*) The ALJ conducted an independent review of the medical evidence, including the opinion evidence from Dr. Tschudin. All of the evidence together formed substantial medical evidence to support the RFC. For this reason, the ALJ was not required to obtain additional medical evidence. *Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016).

Plaintiff further challenges the ALJ's evaluation of the evidence regarding Plaintiff's carpal tunnel as it related to her RFC as to handling and fingering. (Doc. 10 at 29.) However, as pointed out in Defendant's brief, Plaintiff cites only evidence submitted to the Appeals Council on this matter, and even then, the physician had not yet endorsed surgery and advised Plaintiff surgery could be of limited utility given her new symptoms of severe forearm and wrist pain with supination. (Tr. 68; Doc. 17 at 10.) Moreover, this single treatment record addressing acute symptoms, which occurred three days before the ALJ's decision and was not in evidence before the ALJ, does not demonstrate that the RFC should have included handling and fingering limitations.

Plaintiff also challenges the ALJ's finding that Plaintiff's work in food services while incarcerated was inconsistent with her allegations that she could not walk, stand, lift, and use her hands as being inconsistent with the ALJ's "acknowledgment" that (at that time) Plaintiff was

5

limited to lifting no more than 10 pounds and standing and/or walking only four hours, which Plaintiff further contends as being incompatible with the ALJ's light work RFC finding. (Doc. 10 at 30.) The restriction noted was from July 2014, several years before the relevant period, and following a subsequent no-work restriction during Plaintiff's incarceration, another of Plaintiff's medical providers indicated that blanket no-work restrictions were inappropriate, and specific activity restrictions related to her conditions should be provided instead. (Tr. 16-17, 301-04.) Such restrictions are generally consistent with the ALJ's RFC determination.

Plaintiff finally argues the ALJ improperly considered her activities of daily living. The ALJ noted Plaintiff reported she was able to do light chores around the house, including cleaning the bathroom, making her bed, the laundry and vacuuming at her own pace, taking college courses online using voice software to type, preparing simple meals, and driving short distances. (Tr. 16.) "While [Plaintiff's] ability to perform these activities does not disprove disability as a matter of law, '[i]nconsistencies between subjective complaints of pain and daily living patterns may . . . diminish credibility.'" *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007) (quoting *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) and citing *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007) (caring for eleven-year-old child, driving, fixing simple meals, doing housework, and shopping for groceries held to be "extensive daily activities" that did not support claimant's alleged inability to work); *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir.1999) (playing cards, watching television, shopping, performing occasional housework, and driving children and wife held inconsistent with disabling pain)).

In sum, "although [Plaintiff] may disagree with how the ALJ weighed her subjective complaints against the objective evidence, the ALJ's analysis was guided by factors previously endorsed by [the Eighth Circuit], such as [Plaintiff's] daily activities and functional restrictions. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022) (citing *Noerper v. Saul*, 964 F.3d 738, 745 (8th Cir. 2020)). In spite of Plaintiff's "dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence." *Id.* The Court finds substantial evidence supports the RFC as to Plaintiff's physical limitations.

**III.    Substantial evidence supports the ALJ's determination that Plaintiff could perform other work that exists in significant numbers and there is no legal error**

Plaintiff additionally argues that, at Step Five of the evaluation process, testimony from a Vocational Expert (VE) did not constitute substantial evidence to support a finding that Plaintiff

retains the RFC to do other kinds of work and that other work exists in the national economy that she is able to do.

Faced with the hypothetical question that set forth Plaintiff's limitations in a manner consistent with the ALJ's eventual findings concerning Plaintiff's condition and functional limitations, the VE responded that Plaintiff could perform other work such as battery assembler, injection molding machine tender, and classifier. (Tr. 19, 54-55.) These responses constitute substantial evidence to support the ALJ's decision that Plaintiff could perform other work. *Milam v. Colvin*, 794 F.3d 978, 985-86 (8th Cir. 2015) (testimony from a VE based on a properly phrased hypothetical question constitutes substantial evidence).

In so ruling, the Court rejects Plaintiff's argument that the VE's responses to interrogatory questions are not substantial evidence to support the conclusion that she is not disabled because the VE's testimony conflicted with the Dictionary of Occupational Titles. Plaintiff contends all three of the jobs identified by the VE required frequent reaching. However, the VE indicated that even with a limitation for no overhead reaching, Plaintiff could perform the representative occupations of battery assembler, injection loading machine tender, and classifier. (Tr. 19-20, 54-55.) The ALJ explained she accepted the VE's testimony in this regard and that, although it was not consistent with the DOT, the VE supplemented the DOT based on the VE's experience, knowledge, and training in the field of vocational counseling. *See* SSR 00-4p (explaining that evidence from a VE "can include information not listed in the DOT," including "[i]nformation from a VE's . . . experience in job placement or career counseling."). Substantial evidence supports the ALJ's findings at Step Five.

Even assuming the VE made a mistake in identifying some jobs,[2] however, an ALJ's decision will still be supported by substantial evidence if a claimant can still perform a significant number of the other jobs the expert identified. *See Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014); *Burks v. Colvin*, No. 414CV01121DGKSSA, 2016 WL 316869, at *5 (W.D. Mo. Jan. 26, 2016). The VE also testified that there was other work Plaintiff could perform if her RFC was further restricted to sedentary work, including the representative occupations of charge-account

---

[2] If a claimant establishes that he cannot perform his past relevant work, the burden of production shifts to the Commissioner to prove that the claimant retains the RFC to perform other jobs that exist in substantial numbers in the national economy. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). The burden of persuasion to prove the RFC and to establish disability, however, remains on the claimant even when the burden of production shifts to the Commissioner at step five. *Id.*

7

clerk, document preparer, and order clerk.  (Tr. 54-56.)  Plaintiff does not convincingly contend in her argument at Step Five that there was any conflict between her RFC and the other jobs identified at the hearing.  Thus, even if only the occupations of charge-account clerk, document preparer, and order clerk remained, they were still available in significant numbers (21,000 in the national economy).  *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (10,000 jobs in the national economy was significant number when the job cited was representative of a larger category of jobs the claimant could perform); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (holding 500 jobs in Missouri was significant); 20 C.F.R. § 404.1566 (defining work which exists in the national economy).  In short, Plaintiff does not establish the ALJ erred in relying on the VE's testimony in this or any regard.

Substantial evidence supports the ALJ's findings at Step Five, and the ALJ committed no legal error.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 15, 2022